UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. _____

MOBIUS MATHEMATICS, LLC,   )
    Plaintiff                                )
                                                     )
v.                                              )
                                                     )
MATH ADVENTURES, LLC.       )
    Defendants                          )

## **COMPLAINT**

### JURISDICTION

1. Subject matter jurisdiction is founded upon 15 U.S.C § 1121 (and the Lanham Act 15 U.S.C. § 1051 et seq.) and the existence of a Federal question pursuant to 28 U.S.C. § 1338.

2. Subject matter jurisdiction is also founded upon diversity of the parties and the amount in controversy exceeding, exclusive of interest and costs, the sum or value of $75,000 pursuant to 28 U.S.C. § 1332.

### PARTIES

3. The Plaintiff, Mobius Mathematics, LLC is a duly existing Nevada limited liability company with a principal place of business at 10740 South Eastern Avenue #115, Henderson, Nevada.

4. The Defendant Math Adventures, LLC is a duly existing Massachusetts limited liability company with a principal place of business at 16 Ludwig Road, Needham, Massachusetts.

ALLEGATIONS PERTAINING TO ALL COUNTS

5.      On December 5, 2008, the Plaintiff purchased certain assets from Qotient Learning Corp., now or formerly a Florida corporation.  Among the assets purchased were:

> 1) Any and all trademark rights, registered or unregistered, in the United States, Canada, and Mexico, including, but not limited to
>       a. Math Monkey – USPTO Serial no. 78814390
>       b. Grab Math By The Tail – USPTO Serial No. 78856793
>       c. "Blink" character face (design only) – USPTO Serial No. 78856792
>       d. Professor Vedic – USPTO Serial No. 78782184
> 2) Any and all common law copyrights in the United States, Canada and Mexico, including, but not limited to:
>       a. All vedic based educational curriculum, games, and writings
>       b. All previously written Math Monkey curriculum

6.      The Plaintiff recorded the assignment of this trademark to it on December 9, 2008.  The Plaintiff is the owner of the trademark "Math Monkey," registered with the United States Patent Office, registration number 3314350.  This trademark was originally filed by Socratic Solutions, Inc., now or formerly a Florida corporation, on February 14, 2006.  Socratic Solutions, Inc. assigned the trademark to Qotient Learning Corp. which recorded that assignment on February 2, 2008.

7.      The United States Patent and Trademark lists the "Math Monkey" word mark as registered for the following goods and services:

   a.   Prerecorded audio and video recording featuring instruction in mathematics.

   b.   Printed materials, namely books, manuals, workbooks, test and answer sheets, all pertaining to the field of mathematics; posters, paper stickers, school writing books and notebooks, folders, pencils, flash cards.

   c.   Back packs, tote bags, school bags.

   d.   Clothing, namely, T-shirts and sweatshirts; hats.

  e. Board games, card games.

  f. Franchise services, namely, offering technical and business management assistance in the establishment and operation of educational centers for mathematics instruction.

  g. Educational services, namely, courses in the instruction of mathematics, providing tutoring sessions in the field of mathematics, and conducting distance learning in the field of mathematics at all levels, including primary, secondary, college, graduate and post-graduate; educational testing.

8. Math Monkey franchises are known as Math Monkey Knowledge Centers and have an inherently distinctive trade dress for the presentation and sale of its products and services. The trade dress consists of, among other things, outdoor sign with the mascot logo, the "slide right in" welcome mat at the front door, the "grab math by the tail" welcome mat at the back door, interior partition walls with unique number patterns and math monkey logos, customized furnishings, four different, unique "Math for Life" posters, specifically required desks and chairs, Blink's trading post (retail item cabinet), and specifically required waiting area chair units, coffee tables.

9. The unique combination of the above elements has resulted in a distinctive, non-functional trade dress that customers identify with Math Monkey franchises.

10. The trade dress of the Plaintiff's Math Monkey franchises has acquired secondary meaning among the relevant trade and public as a symbol identifying the plaintiff and the source of plaintiff's goods and services.

11. Upon information and belief, the Defendant was formerly a Math Monkey Knowledge Center franchise holder under a franchise agreement with Vedic Math Development Corp., now

or formerly a Florida corporation and a wholly owned subsidiary of Socratic Solutions, Inc., which franchise agreement allowed it to use the Math Monkey trademark, but did not grant it a license.  This contract was not sold to Qotient Learning Corp. when the rights to the Math Monkey trademark and certain franchise agreements were sold by and Socratic Solutions, Inc. to Qotient Learning Corp.  Math Adventures did not enter into any agreement with Qotient Learning Corp. to use the Math Monkey trademark or continue its Math Monkey franchise.

12. There has never been any privity of contract between the Plaintiff and the Defendant on any matter.

## COUNT I
(Trademark Infringement – 15 U.S.C. § 1114)

13. The Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 9.

14. Without the consent of permission of the Plaintiff, the Defendant used in commerce a reproduction, counterfeit, copy of colorable imitation of the Plaintiff's registered trademarks in connection with the sale, offering for sale, distribution, or advertising of services or goods, which such use is likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. § 1114

15. The Defendant had constructive or actual notice of the Plaintiff's registered trademarks.

16. The Defendant's acts were willful and intentional

17. The Defendant has infringed the Plaintiff's trademarks.

18. As a result of the Defendant's acts, the Plaintiff has suffered irreparable harm and damages, and will continue to suffer irreparable harm and damages unless enjoined by this Court.

19.     Also as a result of the Defendant' acts, upon information and belief, the Defendant has been unjustly enriched, and will continue to be unjustly enriched.

## COUNT II
(False Designation of Origin – 15 U.S.C. § 1125(a))

20.     The Plaintiff reasserts and realleges paragraphs 1 through 20 as if fully set forth herein.

21.     In connection with goods or services, the Defendant has used in commerce a word, term, symbol, or device, or combination thereof, or a false designation of origin, false or misleading description of fact, or false and misleading representation of fact, which was likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of the Defendant with the Plaintiff, or as to the origin, sponsorship, or approval of the Defendant's goods, services, or commercial activities in violation of 15 U.S.C. § 1125(a).

22.     The Defendant's acts were willful and intentional.

23.     As a result of the Defendant's acts, the Plaintiff has suffered irreparable harm and damages, and will continue to suffer irreparable harm and damages unless enjoined by this Court.

24.     Also as a result of the Defendant's acts, upon information and belief, the Defendant has been unjustly enriched, and will continue to be unjustly enriched.

## COUNT III
(Dilution – 15 U.S.C. § 1125(c))

25.     The Plaintiff reasserts and realleges paragraphs 1 through 24 as if fully set forth herein.

26.     The Plaintiff's registered trademarks are famous and distinctive.

27.     The Defendant used commercially in commerce the Plaintiff's trademarks, after the trademarks became famous, and/or the Defendant has caused dilution of the distinctive quality of the Plaintiff's trademarks.

28. The Defendant's acts were willful and intentional.

29. As a result of the Defendant's acts, the Plaintiff has suffered irreparable harm and damages, and will continue to suffer irreparable harm and damages unless enjoined by this Court.

30. Also as a result of the Defendant's acts, upon information and belief, the Defendant has been unjustly enriched, and will continue to be unjustly enriched.

## COUNT IV
(Trade Dress – 15 U.S.C. § 1125(a))

31. The Plaintiff reasserts and realleges paragraphs 1 through 30 as if fully set forth herein.

32. The Defendant has infringed on the rights of the Plaintiff by rendering services using trade dress that is confusingly similar to the distinctive trade dress used by the Plaintiff.

33. The Defendant's advertisement, promotion and rendering of services using trade dress that imitates or simulates plaintiff's distinctive trade dress falsely represents to consumers that its services originate with the Plaintiff if that the Plaintiff and the Defendant are affiliated or have common sponsorship.

34. The Defendant's use of infringing trade dress that imitates or simulates Plaintiff's distinctive trade dress has in the past and will continue to cause confusion, mistake, or deception among the public.

35. The Defendant's trade dress as set forth above is likely to cause members of the public to mistakenly believe that the Defendant's services originate with, are rendered by or in affiliation with, under license from, or with approval of, the Plaintiff.

36. The Defendant's use of confusingly similar trade dress is likely to and does permit the Defendant to misappropriate and unfairly trade on the valuable good will and reputation of the Plaintiff and will subject that good will and reputation in the Plaintiff's distinctive trade dress to

the hazards and perils attendant upon the Defendant's business activities, over which the Plaintiff has no control.

37. The Defendant's acts were willful and intentional.

38. As a result of the Defendant's acts, the Defendant has suffered irreparable harm and damages, and will continue to suffer irreparable harm and damages unless enjoined by this Court.

39. Also as a result of the Defendant's acts, upon information and belief, the Defendant has been unjustly enriched, and will continue to be unjustly enriched.

## COUNT V
(Unfair and Deceptive Trade Practice - Mass. G.L. c. 93a)

40. The Plaintiff reasserts and realleges paragraphs 1 through 39 as if fully set forth herein.

41. The Plaintiff is a person engaged in business as defined in G.L. 93A § 11

42. The Defendant's acts were willful and intentional.

43. The Defendant's acts constitute unfair or deceptive acts or practices declared unlawful by G.L. c. 93A § 2 and by the regulations promulgated pursuant to G.L. c. 93A § 2(c).

44. As a result of the Defendant's acts, the Plaintiff suffered loss of money or property

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff Mobius Mathematics, LLC requests that the Court:

A. Enjoin the Defendant Math Adventures, LLC from using the Plaintiff's trademarks or any confusingly similar mark or name, pursuant to 15 U.S.C. §§ 1116, 1125(c), and other applicable law;

B. Enjoin and order the Defendant to remove the term "Math Monkey," the phrase "grab math by the tail," the "Math Monkey face" image, and the troop

  designations, "Lemur (kindergarten)," "Spider Monkey (1st grade)," "Chimpanzee (2nd grade)," "Orangutan (3rd grade)," "Baboon I (4th grade)," and Baboon II (5th grade)," from the Defendant's websites and desist using the above terms and image or any confusingly similar term and images in any manner;

C.  Enjoin and order the Defendant Math Adventures, LLC to account for any and all profits derived from the Defendant's wrongful conduct;

D.  Award the Plaintiff damages pursuant to 15 U,S,C, § 1117 and other applicable law;

E.  Award the Plaintiff treble damages pursuant to 15 U,S,C, § 1117 and other applicable law;

F.  Award the Plaintiff its costs and attorney's fees pursuant to 15 U,S,C, § 1117 and other applicable law;

G.  Award the Plaintiff punitive and exemplary damages;

H.  Order the Defendant to file with the Court and serve on Plaintiff a report setting forth compliance with any injunctive relief granted;

I.  Enter judgment against the Defendant under Massachusetts G.L. c. 93A and award Plaintiff actual damages and punitive damages in the amount of three times his actual damages plus attorney's fees and the costs of this action; and

J.  Grant such other relief to the Plaintiff as the Court may deem just and proper.

STATE OF NEVADA
CLARK COUNTY

Carl R. Emery, being first duly sworn, says that he is the Chief Executive Officer of the Plaintiff Mobius Mathematics, LLC; that he has read the foregoing complaint and knows the contents thereof; that he is acquainted with the facts alleged in the complaint and that the same is true to his own knowledge except as to those matters therein alleged on information and belief, and to those matters he believes it to be true.

_____
Carl R. Emery, CEO
Mobius Mathematics, LLC
10740 South Eastern Avenue #115
Henderson, NV 89052

Sworn to and subscribed before me, this 14th day of December 2009.

LAURIE GALUTIRA
Notary Public, State of Nevada
Appointment No. 07-2075-1
My Appt. Expires Jan 15, 2011

_____
Notary Public Laurie Galutira
My commission expires: Jan. 15, 2011

December 14, 2009

Respectfully submitted,
Mobius Mathematics, LLC
By its Attorney,


/s/ Rosario Mario F. Rizzo

_____
Rosario Mario F. Rizzo, Esq.
B.B.O. # 421610
801 Main Street
Concord, Massachusetts 01742-3313
Tel: (978) 371-2500
Fax: 978-371-1352
Email: rosario.rizzo@rizzolawfirm.com